JANE DOE, Plaintiff v. RODNEY EDWARD JENKINS and ORANGE COUNTY, Defendants

No. COA00-629

(Filed 5 June 2001)

**1. Cities and Towns— public duty doctrine—courthouse security**

The trial court erred by granting defendant-county's motion for judgment on the pleadings based on the public duty doctrine in an action arising from an assault in a courthouse restroom. The county was not acting in its law enforcement capacity in providing security at the county courthouse.

**2. Immunity— governmental—insurance exclusion**

The trial court correctly granted summary judgment for defendant-county in an action arising from an assault in a courthouse restroom because the plain language of the county's insurance policy excluded coverage for the negligent acts alleged by plaintiff where it stated that "coverage does not apply to . . . any liability for . . . neglect or breach of duty . . . arising out of the discharge of duties as a political subdivision."

Appeal by plaintiff from order entered 15 March 2000 by Judge Steve A. Balog in Orange County Superior Court. Heard in the Court of Appeals 29 March 2001.

*Pulley, Watson, King & Lischer, P.A., by Tracy K. Lischer and F. Edward Kirby, Jr., for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Burley B. Mitchell, Jr., Robert H. Sasser, III, and Mark A. Davis, for defendant-appellee Orange County.*

MARTIN, Judge.

Plaintiff brought this action seeking damages for physical and emotional injuries sustained after she was brutally attacked and raped in a restroom at the Orange County Courthouse in Hillsborough, North Carolina on 14 September 1998. In her complaint, plaintiff alleged that defendant Rodney Jenkins followed her into a women's restroom at the courthouse, locked the door from the inside and, armed with a small knife, repeatedly raped, stabbed, and beat

her. Plaintiff alleged claims against Jenkins for assault and battery and false imprisonment; as to defendant Orange County ("defendant County"), plaintiff alleged a breach of duty to use reasonable care to protect lawful visitors against the reasonably foreseeable criminal acts of third parties while on the courthouse premises. The complaint also alleged defendant County had waived its governmental immunity through the purchase of liability insurance. Due to the nature of the case, and with defendant County's consent, plaintiff was permitted to proceed through the use of a pseudonym. Defendant County filed an answer in which it denied negligence and asserted, as an affirmative defense, governmental immunity "[t]o the extent that Orange County has not waived its sovereign immunity through the purchase of liability insurance."

Defendant County moved for judgment on the pleadings, based upon the public duty doctrine, and for summary judgment, based on the defense of governmental immunity. The motion for summary judgment was supported by the affidavit from the County's Director of Purchasing and Central Services, attached to which was a copy of the liability insurance coverage contract issued to defendant County by the North Carolina Counties Liability and Property Insurance Pool, which was in effect on the date of the occurrence. The policy contained the following exclusion:

E.  Exclusions Applicable to General Liability

This coverage does not apply to any of the following:

. . .

15.  Errors and Omissions

to any liability for any actual or alleged error, misstatement, or misleading statement, act, or omission, or neglect or breach of duty by the Participant, or by any other person for whose acts the Participant is legally responsible arising out of the discharge of duties as a political subdivision or a duly elected or appointed member or official thereof.

In response, plaintiff submitted, *inter alia*, affidavits from two experts in insurance-related issues in which the affiants stated their opinions that the exclusion was inapplicable to plaintiff's claim.

The trial court granted defendant County's motions for judgment on the pleadings and for summary judgment based on sovereign immunity and dismissed plaintiff's claims against defendant County.

The trial court certified its order as a final judgment pursuant to G.S. § 1A-1, Rule 54(b). Plaintiff appeals.

---

Plaintiff contends the trial court erred in granting defendant County's motions for judgment on the pleadings and for summary judgment. She argues that the basis of her claim against defendant County is premises liability, rather than the public duty of providing police protection, so that judgment on the pleadings based upon application of the public duty doctrine was error. In addition, she contends defendant County's purchase of liability insurance coverage waived the County's sovereign immunity, so that summary judgment on the basis of immunity was also error.

[1] With respect to plaintiff's first argument, this Court has recently addressed the issue of the applicability of the public duty doctrine to a county's duty to provide security at premises which it owns and maintains. In *Wood v. Guilford County*, 143 N.C. App. 507, 546 S.E.2d 641 (2001) we held that because the defendant county was not acting in its law enforcement capacity in providing security at the county courthouse, but rather was acting as the owner and operator of the premises, the county could not invoke the public duty doctrine as a defense against charges that it failed to protect the plaintiff from an attempted sexual assault at the courthouse. Accordingly, judgment on the pleadings in the instant case, based on the defense of the public duty doctrine, was error. *Id.*

[2] With respect, however, to plaintiff's argument that defendant County has waived its sovereign immunity, we conclude the plain language of the insurance policy excludes coverage for the negligent acts alleged by plaintiff so that defendant County's purchase of insurance did not operate to waive its sovereign immunity for the claim asserted by plaintiff. We must, therefore, affirm the trial court's grant of summary judgment based on sovereign immunity.

This case involves no novel principles of law; it is determined by application of well-established rules of law in North Carolina. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." *Meares v. Jernigan*, 138 N.C. App. 318, 320, 530 S.E.2d 883, 885 (2000); N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). The moving party has the burden of establishing that no genuine issue of material fact

exists, and can meet the burden by proving that the opposing party " 'cannot surmount an affirmative defense which would bar the claim.' " *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992) (quoting *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 376 S.E.2d 425 (1989)).

Sovereign immunity bars claims brought against the state or its counties, "where the entity sued is being sued for the performance of a governmental, rather than a proprietary, function." *Messick v. Catawba County*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 493, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993) (citing *Robinson v. Nash County*, 43 N.C. App. 33, 35, 257 S.E.2d 679, 680 (1979)). A county may, however, waive such immunity through the purchase of liability insurance. N.C. Gen. Stat. § 153A-435 ("Purchase of insurance pursuant to this subsection waives the county's governmental immunity, to the extent of insurance coverage, for any act or omission occurring in the exercise of a governmental function"). But "[i]mmunity is waived only to the extent that the [county] is indemnified by the insurance contract for the acts alleged." *Davis v. Messer*, 119 N.C. App. 44, 61-62, 457 S.E.2d 902, 913, *disc. review denied*, 341 N.C. 647, 462 S.E.2d 508 (1995) (citation omitted). Defendant County acknowledges its purchase of liability insurance in this case, but contends it does not provide coverage for the claim asserted by plaintiff due to the exclusion contained in the coverages contract.

"Counties, like cities, exist solely as political subdivisions of the State and are creatures of statute." *Davidson County v. City of High Point*, 321 N.C. 252, 257, 362 S.E.2d 553, 557 (1987). The obligation of a county in this State to provide and maintain courthouses for the conducting of judicial proceedings is a duty imposed by statute. N.C. Gen. Stat. § 7A-302. Our Supreme Court has determined that "activities held to be governmental functions . . . are those historically performed by the government, and which are not ordinarily engaged in by private corporations." *Sides v. Cabarrus Memorial Hospital, Inc.*, 287 N.C. 14, 23, 213 S.E.2d 297, 303 (1975) (citation omitted). Thus, the operation of the Orange County Courthouse must be viewed as a governmental function of defendant County acting in its role as a political subdivision. Accordingly, sovereign immunity would apply to bar plaintiff's claim in the absence of a waiver by defendant.

If an insurance policy is not ambiguous, "then the court must enforce the policy as written and may not remake the policy under the guise of interpreting an ambiguous provision." *Nationwide Mut. Ins. Co. v. Mabe*, 342 N.C. 482, 492, 467 S.E.2d 34, 40 (1996) (citing

*Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970)). The language of the exclusion in the present case unambiguously limits the coverage provided by the coverages contract. Relevant to plaintiff's complaint, the exclusion states explicitly that "coverage does not apply to . . . any liability for . . . neglect or breach of duty . . . arising out of the discharge of duties as a political subdivision . . . ." Plaintiff contends the heading "Errors and Omissions" has a technical meaning connoting a specific type of coverage which does not apply to exclude coverage in the instant case. Although our courts have not addressed this precise issue, other courts have stated that "[a]n insured is not entitled to read only the heading and ignore the operative language of the provision itself." *Town of Wallingford v. Hartford Acc. and Indem. Co.*, 649 A.2d 530, 533 (fn. 4) (Conn. 1994) (citation omitted). In this case the language of the applicable provision of the coverage contract relied upon by defendant County excludes coverage for the conduct of which plaintiff complains and we are bound to read, and give effect to, each word in the insurance policy. *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 172 S.E.2d 518 (1970). Accordingly, because the insurance policy does not indemnify defendant against the negligent acts alleged in plaintiff's complaint, defendant has not waived its sovereign immunity and the trial court's grant of summary judgment must be affirmed.

Judgment on the pleadings is reversed.

Summary judgment is affirmed.

Judges BIGGS and JOHN concur.