TERESA H. SATORRE, SHARON O. LEE, THERESA K. PUGH-McQUEEN, KIM AMERI, PAMELA R. ALMEIDA, SANDRA RANDOLPH, GLORIA P. TODD, and JACKIE G. WATSON, Plaintiffs v. NEW HANOVER COUNTY BOARD OF COMMISSIONERS, NEW HANOVER COUNTY, ALLEN O'NEAL, County Manager, in his official capacity, and DAVID E. RICE, New Hanover County Health Director, in his official capacity, Defendants

No. COA03-648

(Filed 6 July 2004)

1. **Appeal and Error— appealability—denial of summary judgment—sovereign immunity—substantial right**

   Although appeal from denial of summary judgment is an appeal from an interlocutory order and thus ordinarily not immediately appealable, the issue of sovereign immunity affects a substantial right sufficient to warrant immediate appellate review.

2. **Immunity— sovereign—maintenance of courthouse—public officials liability exclusion**

   A de novo review revealed that the trial court erred by denying defendants' and intervenors' motion for summary judgment arising out of the alleged improper maintenance of the pertinent courthouse and by failing to find that defendants were insulated from liability under the doctrine of sovereign immunity, because the public officials liability exclusion in the pertinent policy excludes the alleged negligence in this case from the general waiver of sovereign immunity in the general liability coverage.

3. **Public Officers and Employees— health director—county manager—writ of mandamus—discretionary duties**

   Summary judgment should have been granted in favor of the Health Director and County Manager denying plaintiffs' writ of mandamus, because: (1) the health director and county manager are public officials whose primary duties under their statutory posts are discretionary and generally beyond the reach of the extraordinary writ of mandamus; and (2) the duties sought by the writ of mandamus in this case were discretionary.

Appeal by defendants and intervenor from a summary judgment order entered 30 December 2002 by Judge Jay D. Hockenbury in New Hanover County Superior Court. Heard in the Court of Appeals 25 February 2004.

*Shipman & Associates, L.L.P., by Gary K. Shipman and William G. Wright, for plaintiff appellees.*

*Helms Mulliss & Wicker, P.L.L.C., by L. D. Simmons, II, Robert A. Wicker, Henry L. Kitchin, Jr., and Jason D. Evans, for defendants appellants.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Mark A. Davis and Garth A. Gersten, for intervenor appellants.*

McCULLOUGH, Judge.

On or about 8 March 2002, plaintiff-appellees ("plaintiffs") filed their lawsuit against New Hanover County and the individually named defendant appellants (collectively "defendants"). Plaintiffs are persons who were employed at the New Hanover County Courthouse in Wilmington. Defendants operate and maintain the courthouse as required by the laws of this state. Plaintiffs allege in their complaint that they have been injured due to the presence of mold, carbon monoxide, and other chemicals and irritants in the building. Plaintiffs allege that defendants "breached their duties owed to the plaintiffs, and were negligent, in that they: . . . failed to properly maintain the Courthouse[.]" They further maintain that David E. Rice (County Health Director) and Allen O'Neal (County Manager) should be ordered by writ of mandamus to investigate and abate noxious fumes and odors due to mold.

At all times relevant to plaintiffs' claims, defendant New Hanover County participated in a risk pool administered by the North Carolina Counties Liabilities and Property Insurance Fund (the "Fund"). The Fund issued a package insurance policy containing a number of separate coverages to the County, two of which are relevant to this case: the General Liability section (GL) and the Environmental Impairment Liability contract (EIL). The GL capped coverage at two million dollars per occurrence. The EIL capped coverage at fifty thousand dollars in the aggregate (meaning if one occurrence of an environmental impairment occurred where claims were more than fifty thousand dollars, then coverage under the EIL would be completely exhausted and the County is protected by sovereign immunity for any amount more, and any future occurrence).

On or about 23 August 2002, defendants filed a motion for summary judgment based on New Hanover County's sovereign immunity to the extent that the County had not waived such immunity by

obtaining insurance. Defendants argued that the fifty thousand dollar coverage provided for under the EIL contract has been exhausted, and therefore defendants are immune to claims beyond this value. On or about 19 November 2002, the Fund was permitted to intervene for the sole purpose of presenting the insurance coverage issue raised by the summary judgment motion. The Fund, supporting defendants' motion, acknowledged coverage under the EIL and that this coverage had been paid out and exhausted.

The trial court, in its order denying summary judgment on the issue of insurance coverage,[1] concluded that defendant was not protected by the doctrine of sovereign immunity for claims alleged by plaintiffs equal to or less than two million dollars per occurrence. The court did so on the basis of finding that plaintiff's bodily/personal injury and damages may be covered by the GL section of the Fund, and that these claims were not solely governed by the EIL contract.

In this appeal, defendants and intervenor collectively raise the issue that the trial court erred in not finding defendants insulated from liability under the doctrine of sovereign immunity. They allege the court ignored the plain wording of the "pollution exclusion" and "public officials liability" exclusion of the GL policy issued by the Fund. Defendants further raise the issue that the trial court erred in failing to grant summary judgment in their favor on plaintiffs' claims for a writ of mandamus. Based upon the analysis herein, we reverse the trial court's order denying summary judgment on the issue of sovereign immunity as to plaintiffs' claims; and on the issue of the writ of mandamus, we hold plaintiffs have alleged no violation or neglect of ministerial duties by the County Health Director that would be subject to this extraordinary writ.

[1] This is an appeal from the denial of summary judgment, and thus interlocutory. However, we take this appeal under N.C. Gen. Stat. § 7A-27(d)(1) as affecting a "substantial right." Where the appeal from an interlocutory order raises issues of sovereign immunity, such appeals affect a substantial right sufficient to warrant immediate appellate review. *See Hedrick v. Rains*, 121 N.C. App. 466, 468, 466 S.E.2d 281, 283, *aff'd per curiam*, 344 N.C. 729, 477 S.E.2d 171 (1996).

---

1. The trial court did grant summary judgment in favor of the plaintiffs' claim for relief for a Temporary and Permanent Injunction based upon defendants' alleged violations of Article I, Section I of the Constitution of North Carolina.

### Standard of Review

**[2]** "[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). "[T]he evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Id.* Furthermore, we review *de novo*, as a question of law, the lower court's interpretation of an insurance policy's language. *McLeod v. Nationwide Mutual Ins. Co.*, 115 N.C. App. 283, 289, 444 S.E.2d 487, 491, *disc. review denied*, 337 N.C. 694, 448 S.E.2d 528 (1994). With this standard in mind, we turn to the issues of this case.

### Waiver of Sovereign Immunity By Liability Insurance

Sovereign immunity bars claims brought against the state or its counties, "where the entity sued is being sued for the performance of a governmental, rather than a proprietary, function." *Messick v. Catawba County*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 493, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993). The obligation of a county in this state to provide and maintain courthouses for the conducting of judicial proceedings is a duty imposed by statute. N.C. Gen. Stat. § 7A-302 (2003). We have held that the operation of a courthouse is viewed as a governmental function of a county acting in its role as a political subdivision. *Doe v. Jenkins*, 144 N.C. App. 131, 134, 547 S.E.2d 124, 127 (2001), *disc. review dismissed as moot and disc. review denied*, 355 N.C. 284, 560 S.E.2d 798, 799 (2002).

"A county may, however, waive such immunity through the purchase of liability insurance." *Id.* "[I]mmunity is waived only to the extent that the [county] is indemnified by the insurance contract from liability for the acts alleged." *Combs v. Town of Belhaven*, 106 N.C. App. 71, 73, 415 S.E.2d 91, 92 (1992); *see also Dawes v. Nash Cty.*, 357 N.C. 442, 445-46, 584 S.E.2d 760, 762-63, *reh'g denied*, 357 N.C. 511, 587 S.E.2d 417 (2003) (Our Supreme Court found Nash County's purchase of the GL section of a policy issued by the same Fund was a waiver of sovereign immunity, unless some specific exclusion applied.).

In this case, it is uncontested that New Hanover County purchased a comprehensive insurance policy issued by the Fund covering the time period in which the alleged acts of negligence took place.

This policy includes separate sections covering general liability and environmental impairment liability.

The GL section of the policy provided two million dollars per occurrence for damages caused by the county resulting in personal/bodily injury. Subsection E of the GL contains exclusions to this coverage which, if applicable, specify non-waivers of immunity that might otherwise be waived under the GL. The two exclusions at issue in this case are the "pollution" exclusion and the "public officials liability" exclusion. Because we find the public officials exclusion saved defendants from waiver of their sovereign immunity in this case, we need not address the issue of whether toxic mold falls within the definition of pollution in the GL's pollution exclusion.

### The Public Officials Liability Exclusion

Defendants and intervenor contend that the "public officials liability" exclusion, exclusion 13 of subsection E, excludes the alleged negligence in this case from the general waiver of sovereign immunity in the GL coverage. We agree.

In *Doe*, the defendant county was alleged to have breached its duty to use reasonable care to protect lawful visitors against the reasonably foreseeable criminal acts of third parties while on the courthouse premises. *Doe*, 144 N.C. App. at 131, 547 S.E.2d at 125. We held the following exclusion saved Orange County from liability to persons harmed by such acts, though the county had waived its sovereign immunity by purchasing general liability coverage:

15. <u>Errors and Omissions</u>

to any liability for any actual or alleged error, misstatement, or misleading statement, act, or omission, or neglect or breach of duty by the Participant, or by any other person for whose acts the Participant is legally responsible arising out of the discharge of duties as a political subdivision or a duly elected or appointed member or official thereof.

*Id.* at 132, 547 S.E.2d at 125. Under this exclusion, we held:

The language of the exclusion in the present case unambiguously limits the coverage provided by the coverages contract. Relevant to plaintiff's complaint, the exclusion states explicitly that "coverage does not apply to . . . any liability for . . . neglect or breach of duty . . . arising out of the discharge of duties as a political subdivision . . . ."

*Id.* at 135, 547 S.E.2d at 127. The Court found this exclusion applied, and that Orange County had not waived liability for the criminal acts of third parties in its courthouse.

In the case at bar, the language of the "public officials liability" exclusion is *exactly* that of the "Errors and Omissions" exclusion applied in *Doe.* The only differences in the language are the two exclusions' headings. In *Doe* we quoted a case from another jurisdiction stating, " '[a]n insured is not entitled to read only the heading and ignore the operative language of the provision itself.' " *Doe,* 144 N.C. App. at 135, 547 S.E.2d at 127 (quoting *Town of Wallingford v. Hartfort Acc. and Indem. Co.,* 649 A.2d 530, 533 (Conn. 1994). We find the operative language of the public officials exclusion in this case unambiguous.

Plaintiffs claim defendants breached "a duty to provide a safe public building" by failing to properly maintain the Courthouse. Though criminal acts of third parties and the growth of toxic mold are wholly different events in kind, we cannot distinguish them under the operative language of the exclusion. Both fit within the operative language of the exclusion: "to any liability for any actual or alleged . . . breach of duty by the Participant . . . arising out of the discharge of duties as a political subdivision[.]" Therefore, we hold the *operative language* of the public officials exclusion retains defendants' sovereign immunity from plaintiffs' claims of negligence.[2]

### Writ of Mandamus

[3] In their final assignment of error, defendants and intervenor contend that there is no issue of material fact concerning plaintiffs' entitlement to a writ of mandamus. They argue that duties which plaintiffs seek to enforce upon the Health Director are discretionary and not otherwise enforceable by a writ of mandamus. *See Sutton v. Figgatt,* 280 N.C. 89, 185 S.E.2d 97 (1971); *Orange Co. v. Dept. of Transportation,* 46 N.C. App. 350, 386, 265 S.E.2d 890, 913, *disc.*

---

2. Plaintiffs distinguish *Doe,* stating:

> *Doe* is clearly distinguishable from the case *sub judice* in that [it] involved an assault on a courthouse visitor and the County's failure to provide security from an unknown assailant (government function). In the case, however, Plaintiffs' claims involve the County's failure to provide safe premises and a safe workplace (proprietary)[.]

Plaintiffs' Brief, pg. 27, fn. 5. We disagree, however. *Doe* clearly holds that *operation* of a courthouse pursuant to statute is a governmental function. *Doe,* 144 N.C. App. at 134, 547 S.E.2d at 126.

*review denied,* 301 N.C. 94 (1980) (writ of mandamus only contemplated for ministerial duties). Though this issue is most likely moot as there is uncontradicted evidence that the mold problem has been abated, for the interest of clarity and judicial economy we dispose of this assignment of error on the merits. We do so in holding that summary judgment should have been granted in favor of the Health Director and County Manager denying plaintiffs' writ of mandamus.

North Carolina courts have held that "public officers and public employees are generally afforded different protections under the law when sued in their individual capacities." *Schmidt v. Breeden,* 134 N.C. App. 248, 258, 517 S.E.2d 171, 177-78 (1999). "[A] public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto." *Smith v. Hefner,* 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952). The official may be held liable only if it is "alleged and proved that his act, or failure to act, was corrupt or malicious, or that he acted outside of and beyond the scope of his duties." *Id.* (citation omitted).

A public officer is a position created by the constitution or statutes, where the official exercises a portion of the sovereign power, and exercises discretion under that power; public employees perform *ministerial* duties. *Isenhour v. Hutto,* 350 N.C. 601, 610, 517 S.E.2d 121, 127 (1999). The director of a county health department is a public officer set forth by statute. *See* N.C. Gen. Stat. § 130A-41 (2003); *Block v. County of Person,* 141 N.C. App. 273, 281-82, 540 S.E.2d 415, 421-22 (2000). Our Supreme Court has held:

> "An essential difference between a public office and mere employment is the fact that the duties of the incumbent of an office shall involve the exercise of some portion of sovereign power." Officers exercise a certain amount of discretion, while employees perform ministerial duties. Discretionary acts are those requiring personal deliberation, decision and judgment; duties are ministerial when they are "absolute, certain, and imperative, involving merely the execution of a specific duty arising from fixed and designated facts."

*Hare v. Butler,* 99 N.C. App. 693, 700, 394 S.E.2d 231, 236 (citations omitted), *disc. review denied,* 327 N.C. 634, 399 S.E.2d 121 (1990).

The New Hanover County Health Director is a "public official" created by statute. The Director's duties for the most part are broad,

discretionary, and presumptively not ministerial or subject to the extraordinary writ of mandamus. The statutes cited by plaintiff alleging Director Rice's failure to act are exactly of this broad and discretionary nature. *See* N.C. Gen. Stat. § 130A-41 (2003) (Powers and duties of local health director). No issue of material fact has been raised that Director Rice failed to carry out a ministerial duty. Additionally, there is uncontradicted evidence that Director Rice used sufficient discretion in exercising his portion of sovereign power concerning the mold issue at the Courthouse. Director Rice has monitored the County's extensive work at the Courthouse and overseen the activities of the Health Department's efforts to abate the mold. The County retained a qualified industrial hygienist to investigate the indoor air quality at the Courthouse and to supervise remediation of any problem areas. The County has successfully abated all areas of concern, and there are no longer air quality problems at the Courthouse threatening the public health.

Applying this same analysis to County Manager O'Neal, we find no issue of material fact raised by plaintiffs that Mr. O'Neal has failed in carrying out a ministerial duty. *See* N.C. Gen. Stat. § 153A-82 (2003) (powers and duties of a county manager).

## Conclusion

In this opinion, we hold that the trial court should have granted summary judgment in favor of defendants on the ground that defendants had retained sovereign immunity under the "public officials liability" exclusion of the GL policy for liability relating to breaching the duty to maintain a safe public building. Additionally, we hold that, because the Director of New Hanover County Health Department and the County Manager are "public officials," the primary duties under their statutory posts are discretionary and generally beyond the reach of the extraordinary writ of mandamus. The duties sought by the writ of mandamus in this case were discretionary.

Therefore, we reverse the lower court's denial of summary judgment, and grant summary judgment in favor of defendants and intervenors in accordance with this opinion on the issues of liability under the GL and the writ of mandamus.

Reversed.

Judges HUNTER and LEVINSON concur.