JAMES E. FULFORD JR., EXECUTOR FOR THE ESTATE OF MARY FULFORD, PLAINTIFF-APPELLEE v. ANTONIO JAVON JENKINS; COUNTY OF DUPLIN; DUPLIN COUNTY DEPARTMENT OF SOCIAL SERVICES; MILLIE I. BROWN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS DIRECTOR OF DUPLIN COUNTY DEPARTMENT OF SOCIAL SERVICES; DE WANA KENAN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS A SOCIAL WORKER WITH THE DUPLIN COUNTY DEPARTMENT OF SOCIAL SERVICES; SHERITA WRIGHT, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS A SOCIAL WORKER WITH THE DUPLIN COUNTY DEPARTMENT OF SOCIAL SERVICES; NANETTE SMITH, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS A SOCIAL WORKER WITH THE DUPLIN COUNTY DEPARTMENT OF SOCIAL SERVICES; AND ELVA QUINN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS A SOCIAL WORKER WITH THE DUPLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, DEFENDANTS-APPELLANTS

No. COA08-675

(Filed 17 February 2009)

**Immunity— sovereign immunity—professional liability coverage—negligent supervision**

The doctrine of sovereign immunity did not bar an estate's action against a county, the county DSS, and DSS employees in their official capacities for negligent supervision of a juvenile who was placed with his elderly grandmother and stabbed his grandmother's neighbor to death because: (1) the county purchased professional liability coverage in addition to its general liability coverage, thus supplementing and increasing the county's coverage; (2) the acts and omissions alleged in plaintiff's complaint were not excluded from coverage by the public officials coverage portion of the professional liability coverage section of the policy since plaintiff's action constituted a negligence claim against defendants for failure to fulfill their duties to supervise a juvenile in a reasonable fashion rather than a claim for bodily injury as excluded by the public officials coverage section; and (3) if the policy exempted the county from coverage for all of its governmental functions, it would be uncertain what acts by the county would be covered by the policy.

Appeal by Defendants from order entered 20 March 2008 by Judge Gary E. Trawick in Superior Court, Duplin County. Heard in the Court of Appeals 3 December 2008.

*Valentine & McFayden, P.C., by Stephen M. Valentine, for Plaintiff-Appellee.*

*Womble Carlyle Sandridge & Rice, PLLC, by James R. Morgan, Jr. and Christopher J. Geis, for Defendants-Appellants.*

McGEE, Judge.

Plaintiff filed his complaint on 28 October 2005, alleging that Duplin County; Duplin County Department of Social Services (DSS); Millie I. Brown, Director of DSS; and DSS social workers De Wana Kenan, Sherita Wright, Nanette Smith and Elva Quin (collectively Defendants) were negligent in their supervision of a thirteen-year-old boy (the Juvenile) over whom they exercised control. Plaintiff alleged in his complaint that Defendants arranged placement of the Juvenile with his grandmother on 17 September 2003, and that on 30 October 2003 the Juvenile repeatedly stabbed his grandmother's next door neighbor, Mary Fulford, resulting in her death. Plaintiff's complaint also included a claim against the Juvenile, which is not the subject of this appeal.

Defendants filed a motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure on 9 January 2008, arguing that Defendants were protected by the doctrine of governmental, or sovereign, immunity from Plaintiff's suit. N.C. Gen. Stat. § 1A-1, Rule 56. Defendants further argued that Plaintiff's complaint failed to state valid claims against individual Defendants in their individual capacities.

By orders entered 20 March 2008, the trial court granted summary judgment in favor of the individual defendants in their individual capacities, but denied summary judgment for Duplin County, DSS and the individual defendants in their official capacities. Defendants appeal.

In Defendants' appeal, they argue the trial court erred in partially denying their motion for summary judgment because they are immune from suit in this case based upon the doctrine of governmental immunity. We disagree.

> "Summary judgment is properly granted only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " "On appeal, our standard of review is (1) whether there is a genuine issue of material fact and (2) whether the movant is entitled to judgment as a matter of law." "The evidence presented is viewed in the light most favorable to the non-movant."

"Under the doctrine of governmental immunity, a county is immune from suit for the negligence of its employees in the exercise of governmental functions absent waiver of immunity." When a county purchases liability insurance, however, it waives governmental immunity to the extent it is covered by that insurance. N.C. Gen. Stat. § 153A-435(a) (2004).

*McCoy v. Coker*, 174 N.C. App. 311, 313, 620 S.E.2d 691, 693 (2005) (citations omitted).

In the case before us, Duplin County purchased an insurance policy (the policy) through its participation in the North Carolina Counties Liability and Property Insurance Pool Fund. The dispositive issue in this case is whether the policy covers the acts alleged in Plaintiff's complaint, thus constituting a waiver of governmental immunity by Duplin County. "It is defendants' burden to show that no genuine issue of material fact exists that the policy does *not* cover [their] actions in the instant case." *Id.* at 313-14, 620 S.E.2d at 693, citing *Marlowe v. Piner*, 119 N.C. App. 125, 127-28, 458 S.E.2d 220, 222 (1995). This Court's review of contract provisions is *de novo. Sutton v. Messer*, 173 N.C. App. 521, 525, 620 S.E.2d 19, 22 (2005).

It is well established that contracts for insurance are to be interpreted under the same rules of law as are applicable to other written contracts. One of the most fundamental principles of contract interpretation is that ambiguities are to be construed against the party who prepared the writing. Therefore, in an insurance contract all ambiguous terms and provisions are construed against the insurer.

*Chavis v. Southern Life Ins. Co.*, 318 N.C. 259, 262, 347 S.E.2d 425, 427 (1986) (citations omitted).

Duplin County purchased General Liability Coverage in the amount of $2,000,000.00 per occurrence, without any deductible. [R.p. 83] The "General Liability Contract Declarations" section of the policy contains the following relevant provisions:

A. <u>Coverage Agreement</u>

The Fund agrees, subject to the limitations, terms, and conditions hereunder mentioned:

1. to pay on behalf of the Participant all sums which the Participant shall be obligated to pay by reason of the liability imposed upon the Participant by law or assumed by the

Participant under contract or agreement for damages on account of Personal Injury, Bodily Injury . . . including death at any time resulting therefrom, suffered or alleged to have been suffered by any persons . . . arising out of any Occurrence from any cause other than as covered by . . . Section V (Professional Liability) of the Contract[.]

. . . .

K. Definitions

. . . .

10. "Occurrence" means [a] . . . happening or event or a continuous or repeated exposure to conditions which result in Personal Injury [or] Bodily Injury . . . during the Contract Period. All Personal Injury or Bodily Injury to one or more persons . . . arising out of . . . a happening or event or continuous or repeated exposure to conditions shall be deemed an Occurrence.

. . . .

E. Exclusions Applicable to General Liability

This coverage does not apply to any of the following:

. . . .

13. Public Officials Liability

to any liability for any actual or alleged error, . . . act, or omission, or neglect or breach of duty by the Participant, or by any other persons for whose acts the Participant is legally responsible arising out of the discharge of duties as a political subdivision or a duly elected or appointed member or official thereof.

Defendants argue that the Public Officials exclusion to the General Liability section of the policy serves to exclude them from liability coverage for Plaintiff's claims, thus rendering them immune from suit due to governmental immunity. Defendants cite two opinions from our Court which held that exclusionary provisions in the relevant insurance policies, identical in language to the Public Officials exclusion contained in the General Liability Coverage section of the policy in this case, served to exclude the policyholders (New Hanover and Orange Counties) from coverage for the claims against them. *See Satorre v. New Hanover County Bd. of Comm'rs,*

165 N.C. App. 173, 598 S.E.2d 142 (2004); *Doe v. Jenkins*, 144 N.C. App. 131, 547 S.E.2d 124 (2001). In *Satorre* and *Doe*, our Court held that because the counties were excluded from coverage for the claims brought against them due to the relevant, identical provisions in their policies, they were protected by governmental immunity and thus immune from suit.

Assuming *arguendo* that Defendants' interpretation of the General Liability portion of the policy is correct, our analysis does not end there. The *Satorre* and *Doe* opinions do not discuss any additional coverage the defendants in those cases might have purchased. Duplin County purchased Professional Liability Coverage in addition to its General Liability Coverage, including coverage for Public Officials Liability in the amount of $2,000,000.00 per occurrence, which included a $5,000.00 deductible for each wrongful act of Duplin County. [R.p. 133] The relevant sections of this "Professional Liability: Law Enforcement and Public Officials Contract Declarations" coverage are as follows:

A. <u>Coverage Agreements</u>.

. . . .

2. <u>Public Officials Coverage</u>

The Fund will pay on behalf of the Participant or a Covered Person, or both, all sums which the Participant or Covered Person shall become legally obligated to pay as money damages because of any civil claim or claims brought against the Participant or a Covered Person arising out of any Wrongful Act of any Covered Person acting in his capacity as a Covered Person(s) of the Participant and caused by the Covered Person while acting in his regular course of duty.

. . . .

G. <u>Exclusions Applicable to Public Officials Coverage</u>.

This coverage does not apply to any claim as follows:

. . . .

4. for Bodily Injury[.]

. . . .

K. <u>Definitions</u>.

. . . .

2. "Bodily Injury" means bodily injury . . . sustained by a person including death as a result of an injury . . . at any time.

. . . .

12. "Wrongful Act" means any actual or alleged error or . . . act or omission or neglect or breach of duty including misfeasance, malfeasance, nonfeasance and "Employment Practices Violation(s)" by a Covered Person while acting within the scope of his professional duties or Fund approved activities.

The Professional Liability Coverage includes a section for Public Officials Coverage. If this Public Officials Coverage is in conflict with the Public Officials Liability exemption in the General Liability section of the policy, the Public Officials Coverage must control. The Professional Liability Coverage section of the policy is a contract in itself, as it was bargained for, and separate consideration was provided by both parties for this contract. Therefore, though all of the provisions of the policy must be interpreted *in pari materia*, *Sutton*, 173 N.C. App. at 525, 620 S.E.2d at 22, because the Professional Liability Coverage section was purchased *in addition to* the General Liability Coverage section, the provisions in the Professional Liability Coverage section supplement and increase Duplin County's coverage. *See McCoy*, 174 N.C. App. at 314, 620 S.E.2d at 693. Otherwise, the relevant provisions of this additional coverage would have no effect, which would violate the rules of contract interpretation. *See Gaston County Dyeing Machine Co. v. Northfield Ins. Co.*, 351 N.C. 293, 299-300, 524 S.E.2d 558, 563 (2000) (citations omitted).

The explicit language of the Public Officials Coverage portion of the Professional Liability Coverage section, along with the definition of "Wrongful Act" given in that section (act or omission or neglect or breach of duty including misfeasance, malfeasance, nonfeasance), clearly grant coverage to Duplin County for the acts and omissions alleged by Plaintiff, unless there is a specific exemption granted in this section. Defendants argue that the exclusions portion of the Professional Liability Coverage section provide exemption for the acts or omissions alleged in Plaintiff's complaint. Specifically, this section excludes coverage for claims "for bodily injury," which is defined in the section as including death.

In this case, Plaintiff's second cause of action is a negligence claim against Defendants. Plaintiff alleges that Defendants were negligent in placing the Juvenile, known to Defendants to be dangerous,

with his elderly grandmother who was in poor health and thus unable to appropriately supervise the Juvenile. Further, the Juvenile had been involuntarily committed to psychiatric hospitals on three separate occasions presenting with homicidal ideations and other severe psychiatric issues. Plaintiff alleged the Juvenile ceased taking his antipsychotic and mood stabilizing medications, causing an increase in his unstable behaviors. Plaintiff further alleged that once the Juvenile ceased taking his medications, the Juvenile's grandmother contacted DSS on a number of occasions requesting help in managing the Juvenile. According to Plaintiff's complaint, DSS did not respond to these requests from the Juvenile's grandmother, and the Juvenile later killed Mary Fulford.

Although Plaintiff alleged Defendants' negligence caused the bodily injury and ultimate death of Mary Fulford, we do not view this as a claim "for bodily injury" as excluded by the Public Officials Coverage section. Plaintiff's action constitutes a negligence claim against Defendants for failure to fulfil their duties to supervise the Juvenile in a reasonable fashion. *See Herndon v. Barrett*, 101 N.C. App. 636, 641-42, 400 S.E.2d 767, 770-71 (1991). Therefore, the acts and omissions alleged in Plaintiff's complaint are not excluded from coverage by the Public Officials Coverage portion of the Professional Liability Coverage section of the policy. As we hold that Duplin County purchased liability insurance covering the alleged acts and omissions of Defendants, the doctrine of governmental immunity does not serve to bar Plaintiff's suit.

In addition, a contract must be interpreted as a whole, and individual provisions within a contract must be interpreted within the context of the entire contract. *Sutton*, 173 N.C. App. at 525, 620 S.E.2d at 22.

> [A] contract of insurance should be given that construction which a reasonable person in the position of the insured would have understood it to mean and, if the language used in the policy is reasonably susceptible of different constructions, it must be given the construction most favorable to the insured, since the company prepared the policy and chose the language.

*Grant v. Emmco Ins. Co.*, 295 N.C. 39, 43, 243 S.E.2d 894, 897 (1978) (citation omitted).

> "The heart of a contract is the intention of the parties which is to be ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the

parties at the time." Therefore, in the interpretation of language contained in an insurance policy, the court may take into consideration the character of the business of the insured and the usual hazards involved therein in ascertaining the intent of the parties.

*McDowell Motor Co. v. New York Underwriters Ins. Co.*, 233 N.C. 251, 254, 63 S.E.2d 538, 540-41 (1951) (citations omitted).

These rules of contract interpretation provide additional support for holding against Defendants. Were we to adopt Defendants' interpretation of the policy, we would have to assume that Duplin County intended to purchase an insurance policy that provided it almost no coverage. *See id.* Because Duplin County is a governmental entity and political subdivision of the State, *Doe*, 144 N.C. App. at 134, 547 S.E.2d at 127, if the policy exempts Duplin County from coverage for all of its governmental functions, it is uncertain what acts by Duplin County *would* be covered by the policy. The vast majority of actions for which Duplin County could face liability are those performed in its official capacity as a political subdivision of this State. It is thus "unclear how the contracting parties could have had any meaningful meeting of the minds as to what services were and were not excluded" if the policy as written was not intended to cover the official acts of Duplin County. *Cowell v. Gaston Cty.*, 190 N.C. App. 743, 748-49, 660 S.E.2d 915, 919-20 (2008). Defendants' argument is without merit.

We hold that the trial court did not err in denying Defendants' motion for summary judgment.

Affirmed.

Judges BRYANT and GEER concur.