MARY H. THOMPSON, Plaintiff v. THE TOWN OF DALLAS, NORTH CAROLINA and OFFICER J.D. HOWELL, in his official capacity and individually, Defendants

No. COA00-499

(Filed 3 April 2001)

**1. Appeal and Error— appealability—governmental and public official's immunity—substantial right**

Although an appeal from the denial of a motion for summary judgment is generally an interlocutory order, defendants have a right to an immediate appeal because orders denying dispositive motions based on the defenses of governmental and public official's immunity affect a substantial right.

**2. Immunity— governmental—public official—waiver—purchase of liability insurance**

The trial court did not err by denying defendants' motion for summary judgment with respect to plaintiff's negligence claim against defendant town and defendant officer in his official and individual capacities, because: (1) the defense of governmental immunity has been waived to the extent defendant town purchased liability insurance; and (2) public official's immunity does not extend to protect defendant officer from suit in his official capacity to the extent defendant town waived its immunity through the purchase of liability insurance.

**3. Police Officers— suit in individual capacity—punitive damages**

The trial court did not err by denying defendants' motion for summary judgment with respect to plaintiff's punitive damages claim against defendant officer in his individual capacity, because the facts alleged are sufficiently egregious, if proved, to support a finding that defendant's conduct was willful and either intentionally or recklessly indifferent to foreseeable consequences.

Appeal by defendants from order entered 8 March 2000 by Judge Richard D. Boner in Gaston County Superior Court. Heard in the Court of Appeals 1 February 2001.

*Tim L. Harris & Associates, by J. Neal Rodgers, for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, by Allan R. Gitter and Stacey M. Stone, and Caudle & Spears, by Lloyd C. Caudle, for defendant-appellants.*

MARTIN, Judge.

Plaintiff filed this action alleging claims against defendants Town of Dallas and Officer J.D. Howell, individually and in his official capacity, arising from events allegedly occurring while defendant Howell was employed as a police officer for the Town of Dallas. In her complaint, plaintiff alleged that her grandson suffered a head injury due to an accident at plaintiff's home. Plaintiff and the child's parents placed the child in plaintiff's automobile and proceeded to transport him to the emergency room at Gaston Memorial Hospital. As plaintiff drove through Dallas with her emergency flashers operating, she was observed by Officer Howell, who turned on his blue light and siren. In response, plaintiff stopped her car, walked backed to Howell's patrol car, and requested his assistance. When Howell did not offer assistance or investigate the child's condition, plaintiff returned to her vehicle, apparently without the officer's permission, and proceeded to the hospital, with Howell in pursuit. Upon plaintiff's arrival at the hospital, Howell placed plaintiff under arrest. Though she submitted without resistance, plaintiff alleges that Howell threatened her with chemical mace, handcuffed her behind her back, and treated her in a "rough and callous manner." Plaintiff's son informed the officer that plaintiff had suffered a previous heart attack and suffered from heart problems. Nevertheless, Howell transported plaintiff to the magistrate's office where he filed charges for speeding and failing to stop for a blue light. Plaintiff alleges that as a result of the officer's actions, she suffered additional heart problems requiring hospitalization. She alleges that the criminal charges filed against her by Officer Howell were subsequently dismissed by the Gaston County district attorney's office. Plaintiff alleged six claims for relief: negligence, violations of the North Carolina Constitution, "breach of statutory and fiduciary duties (malfeasance of office)," abuse of process and malicious prosecution, use of excessive force during arrest in violation of G.S. § 15A-401(d), and a claim for punitive damages against Officer Howell individually for his "malicious, willful and wanton conduct." She also alleged that Defendant Town of Dallas had waived governmental immunity through the purchase of liability insurance.

Defendants answered, admitting the existence of liability insurance, denying the material factual allegations of the complaint, and asserting several affirmative defenses, including, *inter alia*, governmental immunity and public official's immunity. Defendants' subsequent motion for judgment on the pleadings was granted as to plaintiff's third claim for relief alleging "breach of statutory and fiduciary duties (malfeasance of office)," but was denied as to plaintiff's remaining claims. Defendants then moved for summary judgment as to plaintiff's remaining claims. The trial court granted summary judgment in favor of defendants and dismissed plaintiff's second (violation of N.C. Constitution, Article I, § 19), fourth (abuse of process/malicious prosecution), and fifth (excessive force during arrest) claims for relief, but denied summary judgment as to plaintiff's first (negligence) and sixth (punitive damages against Officer Howell individually) claims for relief. Defendants appeal from the order denying their motion for summary judgment as to those claims.

---

[1] The order from which defendants have appealed is an interlocutory order. In general, "a party has no right to immediate appellate review of an interlocutory order." *Tise v. Yates Const. Co., Inc.*, 122 N.C. App. 582, 584, 471 S.E.2d 102, 105 (1996), *affirmed as modified and remanded*, 345 N.C. 345, 480 S.E.2d 677 (1997) (citing *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). When the order affects a substantial right, however, a party has a right to an immediate appeal. N.C. Gen. Stat. § 1-277(a); 7A-27(d)(1). Orders denying dispositive motions based on the defenses of governmental and public official's immunity affect a substantial right and are immediately appealable. *Corum v. University of North Carolina*, 97 N.C. App. 527, 389 S.E.2d 596 (1990), *affirmed in part, reversed in part, and remanded*, 330 N.C. 761, 413 S.E.2d 276, *reh'g denied*, 331 N.C. 558, 418 S.E.2d 664 (1992). Immediate appeal of such interlocutory orders is allowed because " 'the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action.' " *Epps v. Duke University, Inc.*, 122 N.C. App. 198, 201, 468 S.E.2d 846, 849, *disc. review denied*, 344 N.C. 436, 476 S.E.2d 115 (1996) (citations omitted). Defendants' appeal, therefore, is properly before this Court.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a mat-

ter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). The moving party has the burden of establishing that no genuine issue of material fact exists, and can meet the burden

> by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.

*Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992) (quoting *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 376 S.E.2d 425 (1989)). The record before us does not include any discovery materials nor is there any indication that any materials other than the pleadings were before the trial court.

**[2]** By their first assignment of error, defendants contend the trial court erred in denying their motion for summary judgment with respect to plaintiff's first claim for relief alleging negligence. Their arguments present issues of whether plaintiff's negligence claims are barred by the doctrines of governmental immunity or public official's immunity.

Generally, "the doctrine of governmental, or sovereign, immunity bars actions against, *inter alia*, the state, its counties, and its public officials sued in their official capacity." *Messick v. Catawba County*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 493, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993) (citations omitted). A public officer sued in his official capacity "operates against the public entity itself, as the public entity is ultimately financially responsible for the compensable conduct of its officers." *Epps*, 122 N.C. App. at 203, 468 S.E.2d at 850. Thus, a public officer sued in his official capacity is simply another way of suing the public entity of which the officer is an agent. Governmental or sovereign immunity "prevents the State or its agencies from being sued without its consent." *Corum*, 97 N.C. App. at 533, 389 S.E.2d at 599.

Governmental immunity "is inapplicable, however, where the state has consented to suit or has waived its immunity through the purchase of liability insurance." *Messick*, 110 N.C. App. at 714, 431 S.E.2d at 493. Pursuant to G.S. § 160A-485(a):

> Any city is authorized to waive its immunity from civil liability in tort by the act of purchasing liability insurance. . . . Immunity shall be waived only to the extent that the city is indemnified by

the insurance contract from tort liability. No formal action other than the purchase of liability insurance shall be required to waive tort immunity, and no city shall be deemed to have waived its tort immunity by any action other than the purchase of liability insurance.

In her complaint, plaintiff alleged:

3. Defendant Dallas has waived any governmental immunity it could have raised to plaintiff's complaint in that defendant Dallas has purchased liability insurance to cover such negligent conduct as alleged herein by plaintiff.

4. Plaintiff has reason to believe that said liability insurance exists and that it was in force at the time of the plaintiff's injuries.

In their answer, defendants admitted "that coverage exists and is not excluded" and, in their reply brief to this Court, they concede that the defense of governmental immunity has been waived in this case, to the extent defendant Town of Dallas has purchased liability insurance.

Defendants argue, however, that the doctrine of public official's immunity serves as a complete bar to plaintiff's claim for negligence. The law of public official's immunity is well established in North Carolina: "As long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption, he is protected from liability." *Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976) (citations omitted). The doctrine of public official's immunity serves to protect officials from *individual liability* for mere negligence, but not for malicious or corrupt conduct, in the performance of their official duties. *Slade v. Vernon*, 110 N.C. App. 422, 429 S.E.2d 744 (1993). Thus, while Officer Howell is protected from individual liability for mere negligence in the performance of his duties by the doctrine of public official's immunity, such immunity does not extend to protect him from suit in his official capacity for such negligence to the extent his employer, defendant Town, has waived immunity by the purchase of liability insurance. Accordingly, we hold that to the extent defendant Town of Dallas has waived its immunity through the purchase of liability insurance, defendant Town, and defendant Howell, as sued in his official capacity, are not immune from suit for Howell's alleged negligent acts, and summary judgment was properly denied for such claims.

**[3]** Defendants next contend the trial court erred by denying their motion for summary judgment as to plaintiff's sixth claim for relief for punitive damages against defendant Howell. Plaintiff sought punitive damages against Howell in his individual capacity only.

As noted above, a public officer is immune from personal liability for mere negligence in the performance of his duties, but is not immune if his actions are determined to be malicious or corrupt or beyond the scope of duties. It is also well established that a defendant may be liable for punitive damages where his conduct "reaches a level higher than mere negligence and amounts to willful, wanton, malicious, or reckless indifference to foreseeable consequences." *Hare v. Butler*, 99 N.C. App. 693, 701, 394 S.E.2d 231, 237, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990). "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *Grad v. Kassa*, 312 N.C. 310, 313, 321 S.E.2d 888, 890 (1984).

In her claim for relief seeking punitive damages, plaintiff alleged:

16. Defendant Howell . . . proceeded to threaten plaintiff with chemical mace and handcuff her behind her back. While Defendant Howell was treating the Plaintiff in a rough and callous manner, Plaintiff's son, Eric, informed Defendant Howell that plaintiff suffered from severe heart problems, had experienced a previous heart attack, and could experience another heart attack if defendant Howell did not stop his abusive behavior.

. . .

18. Defendant's Howell's actions resulted in severe and painful injuries to the plaintiff. Within hours of the abusive and wrongful arrest, Plaintiff suffered a coronary atherosclerosis of the native coronary vessel and unstable angina, requiring immediate hospitalization.

. . .

47. Defendant Howell's actions toward the plaintiff constituted malicious, willful and wanton conduct, and a gross and reckless disregard for the rights, health and safety of plaintiff, rendering defendant Howell liable for punitive damages.

Considered with the other allegations of the complaint, and in the light most favorable to plaintiff, as we must on a motion for summary judgment, the facts alleged above are sufficiently egregious, if proved, to support a finding that defendant Howell's conduct was willful, and either intentionally or recklessly indifferent to foreseeable consequences. As the moving party, defendant Howell had "the burden of showing that no material issues of fact exist, such as by demonstrating through discovery that the opposing party cannot produce evidence to support an essential element of his claim or defense." *Dixie Chemical Corp. v. Edwards*, 68 N.C. App. 714, 715, 315 S.E.2d 747, 749 (1984). Although defendants' answer denies plaintiff's allegations, the pleadings simply forecast a genuine dispute upon the issue of defendant Howell's conduct. Defendant Howell offered no evidentiary materials, through discovery or otherwise, at the summary judgment stage to show that plaintiff could not produce evidence to support her allegations. Thus, he has failed to carry his burden of showing that no genuine issue of material fact exists and the denial of defendants' summary judgment motion regarding plaintiff's sixth claim for relief must be affirmed.

Affirmed.

Judges TIMMONS-GOODSON and THOMAS concur.