ROBERT EUGENE CAMPBELL, JR., Plaintiff v. TIM ANDERSON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A RANLO CITY POLICE OFFICER, AND THE CITY OF RANLO, Defendants

No. COA02-574

(Filed 4 March 2003)

**1. Appeal and Error— appealability—denial of summary judgment—immunity**

The denial of summary judgment was interlocutory but appealable as affecting a substantial right where the grounds for the summary judgment involved immunity to a 42 U.S.C. § 1983 claim. The inclusion of an affidavit in the record on appeal and the granting of a motion to amend an answer did not affect a substantial right.

**2. Immunity— qualified—42 U.S.C. § 1983 claim—officer's conduct—factual dispute**

Qualified immunity did not bar an action for damages under 42 U.S.C. § 1983 where allegations involving the officer's conduct were factually disputed and there were genuine issues of material fact as to whether a reasonable person in the officer's position would have known that his actions violated plaintiff's rights.

**3. Immunity; Police Officers— claims for false arrest, trespass, malicious prosecution—no maliciousness or corruption—public official immunity**

The trial court erred by denying summary judgment for a police officer on state claims for trespass, malicious prosecution, and false arrest where there was no evidence of maliciousness or corruption and the officer was thus entitled to public official immunity.

Appeal by defendants from an order entered 17 January 2002 by Judge Forrest Donald Bridges in Gaston County Superior Court. Heard in the Court of Appeals 29 January 2003.

*Gray, Layton, Kersh, Solomon, Sigmon, Furr & Smith, P.A., by William E. Moore, Jr., J. Thomas Hunn and Richard B. Schultz, for plaintiff-appellee.*

*Russell & King, by Sandra M. King, for defendants-appellants.*

TYSON, Judge.

## I. Background

On 23 August 1999, a vehicle owned by Robert Eugene Campbell, Jr., ("plaintiff") was involved in a hit-and-run accident at Lowell Pope's Mini Mart. The victim of the hit-and-run provided police a description of the driver, vehicle, and license number. The victim thought the vehicle might be heading toward Carolina Mills, a local factory. The police checked the license number and found the vehicle was registered in plaintiff's name. The police left the accident scene and followed the suspect vehicle into the Carolina Mills' parking lot.

Ranlo Police Officer Tim Anderson ("defendant") arrived at Carolina Mills after Lowell Police Officer Bates and Ranlo Police Sergeant Moore held a suspect in custody. Captain Melton and Chief Hunt of the Ranlo Police arrived shortly at the factory after defendant. One of plaintiff's fellow workers told him that police officers were gathered around his vehicle in the parking lot.

Plaintiff ventured toward his vehicle and Officer Bates specifically identified plaintiff as the owner of the vehicle. Plaintiff alleged that defendant approached him, questioned him about drugs and weapons, and proceeded to pat him down. Defendant contends that he noticed a bulge in plaintiff's pant pocket and feared that plaintiff was in possession of a weapon, such as a small boxcutter that factory workers used. Plaintiff alleges that defendant felt a bag in the pocket during the patdown and removed the bag, but defendant states that plaintiff took the bag out of his pant pocket during the patdown. The bag contained Xanax pills and a bottle of nitroglycerine tablets. Plaintiff alleges that he told defendant that he had a prescription for the Xanax. Defendant handcuffed plaintiff and placed him into a patrol car.

Plaintiff remained handcuffed in the patrol car for no longer than ten minutes. During this time, he experienced some chest tightness and requested defendant to change the handcuffs to allow his hands to be in front of him. Defendant refused, but did increase the air conditioning and offered to call an ambulance. Plaintiff told the officers that his vehicle was used without his permission.

Defendant issued a citation to plaintiff for unlawfully possessing Xanax, a controlled substance under N.C.G.S. § 90-95. Defendant informed Berry Cauble, the Human Resources Administrator for

Carolina Mills, that plaintiff had been found in illegal possession of controlled substances on the company's premises. Cauble immediately terminated plaintiff's employment and asked defendant to escort plaintiff off of the company's premises.

Plaintiff later took his prescription bottle of Xanax to his employer's office. The prescription bottle was then delivered to the Ranlo Police Department. The criminal charges against plaintiff were dismissed on 12 October 1999 on the grounds that plaintiff had a valid prescription and was in lawful possession of the drugs.

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against defendants Tim Anderson and the City of Ranlo alleging: (1) violation of his federal constitutional rights under the 4th, 5th, and 14th Amendments, (2) trespass by a public officer, (3) malicious prosecution, and (4) false arrest. Defendants answered and moved to dismiss. Defendants moved for summary judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 56 (2001). Plaintiff provided various documentation and an affidavit in opposition to defendants' motion. The trial court entered an order (1) allowing defendants' motion for leave to amend their first amended answer, (2) denying defendants' motion for summary judgment, (3) denying defendants' motion for partial summary judgment on the issue of plaintiff's claimed wage loss, (4) denying defendants' motion for partial summary judgment on the issue of plaintiff's claimed damages for mental and emotional distress, (5) deferred ruling on defendants' motion to dismiss plaintiff's punitive damage claim, and (6) deferred ruling on defendants' motion for continuance based upon their objection to plaintiff's designation of Johnny Mims as an expert witness to the 22 January 2002 trial date. Defendants appeal. We affirm in part and reverse in part.

## II.  Issues

Defendants assign error to the trial court's denial of summary judgment on immunity grounds. Defendants contend that the trial court erred by not granting summary judgment for (1) qualified immunity as to plaintiff's federal claim and (2) public official immunity as to plaintiff's state claims. Defendants also claim the trial court erred by overruling its objection to the inclusion of the affidavit of Johnny Mims in the record on appeal. Plaintiff cross-assigns error to the trial court's granting of the motion to amend the answer for defendants to assert the affirmative defenses of qualified immunity and public official immunity.

## III. Interlocutory Appeal

[1] The denial of summary judgment is an interlocutory order and generally not appealable. *Herndon v. Barrett*, 101 N.C. App. 636, 639, 400 S.E.2d 767, 769 (1991). "Where the appeal from an interlocutory order raises issues of sovereign immunity . . . [it] affect[s] a substantial right sufficient to warrant immediate appellate review." *Peverall v. County of Alamance*, 154 N.C. App. 426, 429, 573 S.E.2d 517, 519 (2002). Where the grounds for summary judgment involve an immunity defense to a § 1983 claim, a substantial right is affected. *See Corum v. University of North Carolina*, 97 N.C. App. 527, 531, 389 S.E.2d 596, 598 (1990), *aff'd in part, rev'd in part on other grounds*, 330 N.C. 761, 413 S.E.2d 276, *cert. denied*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992).

Defendants' additional argument concerning the Mims affidavit and plaintiff's cross-assignment of error involving the motion to amend are interlocutory and do not affect a substantial right. *See Hubbard v. Cty. of Cumberland*, 143 N.C. App. 149, 155, 544 S.E.2d 587, 591, *disc. review denied*, 354 N.C. 69, 553 S.E.2d 40 (2001). We do not address those issues.

## IV. Standard of Review

The trial court must view all evidence in the light most favorable to the non-movant and draw all reasonable inferences in his favor in ruling on a motion for summary judgment. *Glenn-Robinson v. Acker*, 140 N.C. App. 606, 611, 538 S.E.2d 601, 607 (2000) (citing *Kennedy v. Guilford Tech. Community College*, 115 N.C. App. 581, 583, 448 S.E.2d 280, 281 (1994)), *appeal dismissed, disc. review· denied*, 353 N.C. 372, 547 S.E.2d 811 (2001).

## V. Qualified Immunity

[2] Defendants affirmatively asserted qualified immunity as their defense against plaintiff's federal constitutional claims, the alleged violations of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983. Government officials performing discretionary functions generally are shielded from liability for civil damages so long as their " 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Roberts v. Swain*, 126 N.C. App. 712, 718, 487 S.E.2d 760, 765 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 410, (1982)), *cert. denied*, 347 N.C. 270, 493 S.E.2d 746 (1997).

To determine whether a legitimate defense of qualified immunity exists, this Court has summarized the analysis as follows:

"Ruling on a defense of qualified immunity requires (1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the officer's position would have known that his actions violated that right. While the first two requirements involve purely matters of law, the third may require factual determinations respecting disputed aspects of the officer's conduct. . . . Thus, if there are genuine issues of historical fact respecting the officer's conduct or its reasonableness under the circumstances, summary judgment is not appropriate, and the issue must be reserved for trial."

*Id.* at 718-19, 487 S.E.2d at 765 (quoting *Lee v. Greene*, 114 N.C. App. 580, 585, 442 S.E.2d 547, 550 (1994)) (internal quotations omitted).

Plaintiff's complaint alleged the specific right defendants violated as his right to be free of unlawful searches and seizures and to receive due process of law under the United States Constitution. The statutory vehicle for damages, 42 U.S.C. § 1983, states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Plaintiff has sufficiently alleged 4th, 5th, and 14th amendment violations under § 1983.

Plaintiff sufficiently identified specific rights clearly established at the time of the violation and has met the first two prongs. The third prong of the test may require a factual analysis. *See Roberts v. Swain*, 126 N.C. App. 712, 718, 487 S.E.2d 760, 765 (1997). The allegations involving Defendant Anderson's conduct are factually disputed, including whether Defendant Anderson was authorized in stopping and searching plaintiff and seizing the Xanax, and whether

plaintiff was placed in custody. Resolution of these issues requires a factual analysis.

"If there are genuine issues of historical fact respecting the officer's conduct or its reasonableness under the circumstances, summary judgment is not appropriate, and the issue must be reserved for trial." *Roberts*, 126 N.C. App. at 718, 487 S.E.2d at 765. We find that genuine issues of fact exist, including but not limited to (1) whether Defendant Anderson knew or should have known plaintiff was not involved in the hit-and-run and was thus not a suspect, (2) whether a reasonable officer would have believed plaintiff could be detained and subject to a patdown, and (3) whether a reasonable officer would have believed there was probable cause to seize the cellophane bag and whether Defendant Anderson seized the bag. We cannot objectively determine from this record that Defendant Anderson is entitled to qualified immunity, viewing the evidence in the light most favorable to the non-movant, plaintiff.

The alleged violations of plaintiff's constitutional rights provide a basis for his recovery under § 1983. As a result, we do not find this action for damages barred by qualified immunity. This Court has held that " 'a municipal entity has no claim to immunity in a section 1983 suit.' " *Clayton v. Branson*, 153 N.C. App. 488, 494, 570 S.E.2d 253, 257 (2002) (quoting *Moore v. City of Creedmoor*, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997)). Likewise, Officer Anderson does not have immunity in his official or individual capacity against the § 1983 claim. This assignment of error by defendants is overruled.

## VI.  Public Official Immunity

[3] Defendant Anderson argues that the trial court erred by denying summary judgment on the state tort claims due to the doctrine of public official immunity.

The public immunity doctrine protects public officials from individual liability for negligence in the performance of their governmental or discretionary duties. *Harwood v. Johnson*, 326 N.C. 231, 241, 388 S.E.2d 439, 445, *reh'g denied*, 326 N.C. 488, 392 S.E.2d 90 (1990). Defendant Anderson as a police officer is a public official who enjoys absolute immunity from personal liability for discretionary acts done without corruption or malice. *Schlossberg v. Goins*, 141 N.C. App. 436, 445-46, 540 S.E.2d 49, 56 (2000) (citing *Jones v. Kearns*, 120 N.C. App. 301, 305-06, 462 S.E.2d 245, 247-48 (1995)), *disc. review denied*, 355 N.C. 215, 560 S.E.2d 136-37 (2002).

**CAMPBELL v. ANDERSON**

[156 N.C. App. 371 (2003)]

Plaintiff's state tort claims are for trespass, malicious prosecution, and false arrest. The trial court had to find that a genuine issue of material fact existed as to whether defendant acted with corruption or malice to deny the protection of public official immunity.

The record is devoid of any evidence showing maliciousness or corruption by the defendant. Where a complaint offers no allegations from which corruption or malice might be inferred, the plaintiff has failed to show an essential of his claim, and summary judgment is appropriate. *See Price v. Davis*, 132 N.C. App. 556, 562, 512 S.E.2d 783, 788 (1999). The questions of reasonableness concerning the search, seizure, and arrest address issues of whether defendant was negligent in performing his official duties. Defendant Anderson offered reasonable explanations, not rebutted by plaintiff, for his actions to exclude willful or wanton conduct.

## VII.  Conclusion

We find that genuine issues of fact exist concerning whether Defendant Anderson violated plaintiff's constitutional rights. We affirm the denial of summary judgment as to those claims. We reverse the denial of summary judgment as to Defendant Anderson on plaintiff's state tort claims due to insufficient allegations of maliciousness or corruption. Plaintiff's negligence tort claims against Defendant City of Ranlo are reserved for trial pending a determination of liability insurance coverage. We affirm in part and reverse in part.

Affirmed in part, reversed in part.

Judges TIMMONS-GOODSON and LEVINSON concur.