ROBERT R. DEMPSEY, PLAINTIFF v. SANDRA HALFORD AND ALISON VANFRANK, DEFENDANTS

No. COA06-1379

(Filed 5 June 2007)

**Libel and Slander— action against EMS officials—no showing of malice—public official immunity**

The trial court should have granted summary judgment for EMS officials based upon public official immunity in a libel and slander action by a dismissed paramedic where plaintiff's allega-

**DEMPSEY v. HALFORD**

[183 N.C. App. 637 (2007)]

tions rested on surmise and were not sufficient to rebut the presumption that defendants acted in good faith and without malice.

Appeal by defendants from an order entered 17 July 2006 by Judge Zoro Guice in Polk County Superior Court. Heard in the Court of Appeals 23 April 2007.

*Baiba Bourbeau for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, PLLC, by Scott D. MacLatchie, for defendants-appellants.*

MARTIN, Chief Judge.

Robert Dempsey ("plaintiff"), a former Polk County EMS paramedic, brought this action for libel and slander against the Polk County EMS director, Sandra Halford, and the Polk County EMS Medical Director, Alison VanFrank (collectively "defendants"). Defendants filed a motion for summary judgment, asserting the grounds of public official immunity, qualified privilege and statutory privilege. By order dated 17 July 2006, the trial court denied defendants' motion. Defendants appeal.

On appeal, defendants argue that plaintiff failed to establish actual malice as to either defendant, therefore entitling both to summary judgment on the basis of public official immunity. The trial court's denial of a motion for summary judgment is an interlocutory order from which an appeal generally cannot immediately be taken. *Lovelace v. City of Shelby*, 153 N.C. App. 378, 381, 570 S.E.2d 136, 138 (2002). Orders denying summary judgment based on public official immunity, however, affect a substantial right and are immediately appealable. *Taylor v. Ashburn*, 112 N.C. App. 604, 606, 436 S.E.2d 276, 278 (1993). Accordingly, we address only the issue of whether plaintiff's claims are barred by public official immunity. We will not consider defendants' arguments based on privilege.

"In reviewing a superior court order denying a motion for summary judgment, the standard of review is de novo." *Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 83, 609 S.E.2d 259, 261 (2005). "Summary judgment is properly granted when the forecast of evidence 'reveals no genuine issue as to any material fact, and when the moving party is entitled to a judgment as a matter of law.' " *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (quoting *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972)).

**DEMPSEY v. HALFORD**

[183 N.C. App. 637 (2007)]

"A 'genuine issue' is one that can be maintained by substantial evidence." *Dobson*, 352 N.C. at 83, 530 S.E.2d at 835. A defendant party is entitled to summary judgment if it is shown that the claimant cannot prove the existence of an essential element of the claim or the claim would be barred by an affirmative defense. *Id.* Evidence presented by the parties is viewed in a light most favorable to the non-movant. *Id.*

Materials before the trial court tended to show that between 12 August 2004 and 19 October 2004, defendants accused plaintiff of falsifying Ambulance Call Reports ("ACRs") and emergency room records to increase his overtime pay, failing to file incident reports and providing improper care for his patients. On 12 August 2004, plaintiff was placed on non-disciplinary suspension with pay pending a pre-dismissal conference. In response, plaintiff requested copies of his ACRs but failed to receive them until the Employment Securities Commission intervened.

Plaintiff's relationship with Halford suffered from increasing personal animosity. Plaintiff contends that Halford misrepresented comments he made in her office on 16 August 2004. According to Halford, plaintiff claimed that he had no idea what he had been doing for the past few months and that he had not slept in the past two years. Plaintiff intended for his comments to refer to his confusion over Halford's constant change of policy and protocol and that he refused to sleep on the beds in the EMS lounge.

Halford informed VanFrank of the alleged comments. VanFrank initiated an investigation into the quality of the care plaintiff gave his patients. VanFrank gathered opinions of plaintiff's work performance from emergency room ("ER") nurses. VanFrank became concerned with plaintiff's apparent deviations from established patient care protocol. On 27 August 2004, VanFrank wrote up a statement attributed to Mark Hornbeck, an ER night duty nurse, criticizing plaintiff's work. Plaintiff submitted an affidavit from Hornbeck denying the statements ascribed to him by VanFrank. On 9 September 2004, VanFrank brought the matter before the EMS system's Medical Review Committee. VanFrank, Halford, two doctors, a nurse, and plaintiff's immediate supervisor were present at the meeting. VanFrank presented her findings to the Committee and distributed certain ACRs. The Committee was never told about plaintiff's alleged falsification of his time records. Ultimately, the Committee concluded that plaintiff was an endangerment to his patients.

**DEMPSEY v. HALFORD**

[183 N.C. App. 637 (2007)]

Plaintiff's pre-dismissal conference was held on 15 September 2004. At the pre-dismissal conference, Halford presented evidence of the overtime fraud as well as the evidence of plaintiff's patient care previously presented to the Medical Review Committee. Based on the information before the county manager, plaintiff was terminated by letter on 20 September. Plaintiff's appeal of his termination is ongoing. Plaintiff claims that his termination has left him unable to receive unemployment benefits or a new job.

"The public immunity doctrine protects public officials from individual liability for negligence in the performance of their governmental or discretionary duties." *Campbell v. Anderson*, 156 N.C. App. 371, 376, 576 S.E.2d 726, 730 (2003). A public official is someone whose position is created by "the constitution or statutes of the sovereignty" and who executes some portion of the sovereign power and discretion. *State v. Hord*, 264 N.C. 149, 155, 141 S.E.2d 241, 245 (1965). Public officials are distinct from public employees in that officers perform discretionary actions requiring deliberation, decision and judgment, while employees perform ministerial duties that are absolute and certain. *Hobbs v. N.C. Dep't. of Human Resources*, 135 N.C. App. 412, 421, 520 S.E.2d 595, 602 (1999) (quoting *Meyer v. Walls*, 347 N.C. 97, 113, 489 S.E.2d 880, 889 (1997)).

Halford and VanFrank are both public officials for purposes of the doctrine. As the EMS director, Halford performs discretionary acts for a governmentally-operated provider of paramedic emergency health care. *See Satorre v. New Hanover County Bd. of Comm'rs*, 165 N.C. App. 173, 179, 598 S.E.2d 142, 146 (2004) (indicating that a county health director may assert public official immunity). VanFrank's position as EMS Medical Director also requires discretionary acts and arises out of delegated powers within our General Statutes. *See* N.C. Gen. Stat. § 143-509(12) (2005) (granting the authority to create the position of county EMS Medical Director to the Secretary of Health and Human Services, charged with the responsibility to "[e]stablish and maintain a means of medical direction and control for the Statewide EMS System.").

The public immunity doctrine does not protect public officials whose actions are determined to be malicious or corrupt conduct or beyond the scope of their official duties. *Thompson v. Town of Dallas*, 142 N.C. App. 651, 656, 543 S.E.2d 901, 905 (2001). To survive a motion for summary judgment based on public official immunity, a plaintiff must make "a *prima facie* showing that the defendant-official's tortious conduct falls within one of the immunity

exceptions[.]" *Epps v. Duke Univ.*, 122 N.C. App. 198, 205, 468 S.E.2d 846, 851-52 (1996). The challenged actions of both defendants were committed within the scope of their official duties. Summary judgment, therefore, turns on whether plaintiff presented a sufficient forecast of evidence of malice to overcome defendants' immunity.

"[A]bsent evidence to the contrary, it will always be presumed that public officials will discharge their duties in good faith[.]" *Leete v. County of Warren*, 341 N.C. 116, 119, 462 S.E.2d 476, 478 (1995) (internal quotation marks omitted).

> Evidence offered to meet or rebut the presumption of good faith must be sufficient by virtue of its reasonableness, not by mere supposition. It must be factual, not hypothetical; supported by fact, not by surmise. If plaintiff's forecast of evidence of malice is not sufficient to permit reasonable minds to conclude that the reporter's presumed good faith was nonexistent, then summary judgment for defendant is proper.

*Dobson*, 352 N.C. at 85, 530 S.E.2d at 836 (internal quotation marks omitted). "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *Grad v. Kaasa*, 312 N.C. 310, 313, 321 S.E.2d 888, 890 (1984). In defamation actions, "[a]ctual malice may be found in a reckless disregard for the truth and may be proven by a showing that the defamatory statement was made in bad faith, without probable cause or without checking for truth by the means at hand." *Ward v. Turcotte*, 79 N.C. App. 458, 461, 339 S.E.2d 444, 446-47 (1986) (citation omitted).

There are two specific circumstances related to the libel and slander claims from which plaintiff sought to make a *prima facie* showing that the defendants' conduct was malicious. First, plaintiff argues that Halford intentionally took plaintiff's 16 August 2004 statements out of context to damage his reputation. Plaintiff contends that Halford did so as the result of Halford's personal hostility toward plaintiff. Plaintiff relies on retaliatory motives to explain Halford's actions. According to plaintiff, Halford intentionally misinterpreted the office statements to VanFrank after discovering that plaintiff would challenge his termination. "These conclusory averments rest, however, not on experienced or otherwise substantiated fact, but on plaintiff's subjective assessment of defendant's motivations." *Dobson*, 352 N.C. at 86, 530 S.E.2d at 837. Plaintiff has not forecast evidence

sufficient to permit reasonable minds to conclude that retaliatory motives behind Halford's actions did, in fact, exist.

Next, plaintiff argues that VanFrank intentionally misrepresented Hornbeck's assessment of plaintiff's work during her review. VanFrank recalled Hornbeck expressing concern that plaintiff seemed to have great difficulty in starting patient IVs. Hornbeck admits as much in his affidavit, indicating that he told VanFrank there were instances where plaintiff was unable to obtain IV access, a statement he believed applied to all health care providers who start IVs. Again, the alleged actual malice was based on surmise and not sufficient to rebut the presumption of good faith.

As to the statements made by defendants before the Medical Review Committee and during the pre-dismissal conference, plaintiff failed to forecast any reasonable evidence suggesting that either defendant wantonly misinterpreted plaintiff's work performance in an effort to be prejudicial or injurious. Plaintiff has not shown the defendants to have exhibited a reckless disregard for the truth or a high degree of awareness of its probable falsity. In fact, the examination of plaintiff's ACRs and VanFrank's review of plaintiff's patient care suggest that the defendants actively checked for the truth by the means available to them. Disputing the factual accuracy of the allegations does not amount to actual malice. *See Clark v. Brown*, 99 N.C. App. 255, 263, 393 S.E.2d 134, 138 (1990) (holding that, in the context of qualified privilege, the failure to show actual malice bars recovery even if the communication is false).

Based on the evidence available to the trial court, plaintiff has failed to overcome the presumption that defendants were performing their duties in good faith and without malice. Where the evidence before a trial court offers no allegations from which corruption or malice might be reasonably inferred, the plaintiff has failed to show an essential element of his claim, and summary judgment is appropriate. *Campbell*, 156 N.C. App. at 377, 576 S.E.2d at 730. We reverse the trial court's denial of summary judgment and remand for the entry of an order of summary judgment on behalf of defendants, dismissing plaintiff's action.

Reversed and remanded.

Judges STEELMAN and STEPHENS concur.