IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-331

Filed 17 October 2023

Mecklenburg County, No. 21CVS9678

THERESA PETRILLO, Plaintiff,

v.

TIMISHA BARNES-JONES and ANDREW B. STRONG, in their individual capacities and as public employees of the CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, Defendants.

Appeal by defendant from judgment entered 5 December 2022 by Judge Hugh B. Lewis in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 September 2023.

> *Ted A. Greve & Associates, PA, by Justin L. Lowenberger, for the plaintiff-appellee.*

> *Charlotte-Mecklenburg Board of Education, by Senior Associate General Counsel Oksana K. Cody, for the defendant-appellant.*

TYSON, Judge.

Timisha Barnes-Jones ("Barnes-Jones") appeals the denial of her Rule 12(b)(6) motion to dismiss, in which she asserted public official immunity barred Theresa Petrillo ("Plaintiff" or "Petrillo") from suing her in her individual capacity for negligence purportedly committed in the course and scope of her public employment. We reverse the trial court's denial of Barnes-Jones' motion to dismiss and remand for entry of an order of dismissal.

## I. Background

Barnes-Jones was the principal of West Charlotte High School ("WCHS") in 2018. Andrew Strong ("Strong") was a member of the custodial staff at WCHS. Both Barnes-Jones and Strong were public employees.

Petrillo attended the University Instructors' training to become an instructor for their summer camp program, which was held on the campus of WCHS in June of 2018. Petrillo asserts she tripped and fell while walking on an outdoor, concrete pathway between two WCHS buildings.

Petrillo filed a complaint against Barnes-Jones and Strong on 16 June 2021. She alleged the concrete pathway between the two buildings was "raised and unleveled," which caused her to "fall to the ground" and severely injure herself.

Petrillo's complaint alleges she is suing Barnes-Jones "solely in her individual capacity" for negligence that occurred while Barnes-Jones was "acting in the course and scope of her employment, as an agent and public employee" of the Charlotte-Mecklenburg Board of Education and as principal of WCHS.

Petrillo's complaint proffers Barnes-Jones "operated, managed, maintained[,] and supervised the property and premises of WCHS." She also cites Barnes-Jones' and Strong's duty to "exercise ordinary and reasonable care in the maintenance of the property and premises of WCHS[,]" and claims her injuries were "proximately caused by the careless, negligent[,] and unlawful conduct" of Barnes-Jones and Strong.

On 1 April 2022, Barnes-Jones filed a Rules 12(b)(1), 12(b)(2), and 12(b)(6) motions to dismiss the suit pursuant to *governmental* immunity. The trial court denied her motion to dismiss because "the action name[d] Defendant Timisha Barnes-Jones in her individual capacity." *See Taylor v. Ashburn*, 112 N.C. App. 604, 607, 436 S.E.2d 276, 279 (1993) ("Governmental immunity protects the governmental entity and its officers or employees sued in their '*official capacity*.'" (emphasis supplied) (citation omitted)).

On 6 October 2022, Barnes-Jones filed a second 12(b)(1), 12(b)(2), and 12(b)(6) motions to dismiss. In her second motions to dismiss, Barnes-Jones asserted Petrillo "fail[ed] to state a claim upon which relief can be granted pursuant to the doctrine of *public official* immunity." (emphasis supplied). The trial court entered an order after hearing, which denied Barnes-Jones' second motions to dismiss on 5 December 2022.

Barnes-Jones filed a notice of appeal on 12 December 2022.

## II.    Jurisdiction - Interlocutory Appeal

The trial court's order is interlocutory. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court to settle and determine the entire controversy." *Bartley v. City of High Point*, 381 N.C. 287, 293, 873 S.E.2d 525, 532 (2022) (citing *Veazey v. City of Durham*, 231 N.C. 354, 357, 362, 57 S.E.2d 377, 381 (1950)). "As a general rule, interlocutory orders are not immediately appealable." *Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009) (citation

omitted).

Interlocutory orders can be immediately appealable "when the appeal involves a substantial right of the appellant[,] and the appellant will be injured if the error is not corrected before final judgment." *N.C. Dep't of Transp. v. Stagecoach Vill.*, 360 N.C. 46, 47-48, 619 S.E.2d 495, 496 (2005) (citations omitted). *See also* N.C. Gen. Stat. §§ 1-277(a) and 7A-27(b)(3)(a) (2021).

"Orders denying dispositive motions based on the defenses of governmental and public official's immunity affect a substantial right and are immediately appealable." *Thompson v. Town of Dallas*, 142 N.C. App. 651, 653, 543 S.E.2d 901, 903 (2001) (citation omitted); *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999) (explaining "this Court has repeatedly held that appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review"); *Green v. Kearney*, 203 N.C. App. 260, 266, 690 S.E.2d 755, 761 (2010) (extending this Court's holding "that a denial of a Rule 12(b)(6) motion to dismiss on the basis of *sovereign immunity* affects a substantial right and is immediately appealable" to allow interlocutory review of a public official asserting *public official immunity* (emphasis supplied) (citing *Price*, 132 N.C. App. at 558-59, 512 S.E.2d at 785)); *Bartley*, 381 N.C. at 293, 873 S.E.2d at 532 ("The denial of summary judgment on the ground of public official immunity is immediately appealable because it affects a substantial right.").

"Public official immunity is more than a mere affirmative defense to liability

as it shields a defendant entirely from having to answer for his conduct in a civil suit for damages." *Bartley*, 381 N.C. at 293, 873 S.E.2d at 532 (citations omitted).

"Nevertheless, this Court has declined to address interlocutory appeals of a lower court's denial of a Rule 12(b)(1) motion to dismiss despite the movant's reliance upon the doctrine of sovereign immunity." *Green*, 203 N.C. App. at 265-66, 690 S.E.2d at 760 (citations omitted).

Barnes-Jones seeks review of the trial court's denial of her Rule 12(b)(6) motion to dismiss asserting public official immunity from Petrillo's action. Although Barnes-Jones' appeal is interlocutory, her claim involves a "substantial right." *Stagecoach Vill.*, 360 N.C. at 47-48, 619 S.E.2d at 496; *Thompson*, 142 N.C. App. at 653, 543 S.E.2d at 903; *Price*, 132 N.C. App. at 558-59, 512 S.E.2d at 785; *Green*, 203 N.C. App. at 266, 273, 690 S.E.2d at 761; *Bartley*, 381 N.C. at 293, 873 S.E.2d at 532.

Petrillo argues collateral estoppel barred Barnes-Jones from bringing her second Rule 12(b)(6) motion to dismiss, in which she asserted public official immunity. "The elements of collateral estoppel . . . are as follows: (1) a prior suit resulting in a *final judgment* on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined." *Bluebird Corp. v. Aubin*, 188 N.C. App. 671, 678, 657 S.E.2d 55, 61 (2008) (emphasis supplied) (citation and internal quotation marks omitted).

The status of Barnes-Jones' interlocutory appeal defeats Petrillo's argument.

An interlocutory order is, by definition, not *a final judgment.* *Bartley*, 381 N.C. at 293, 873 S.E.2d at 532. *But see Fox v. Johnson*, 243 N.C. App. 274, 285, 777 S.E.2d 314, 324 (2015) ("It is well settled that '[a] *dismissal* under [North Carolina Rule of Civil Procedure] Rule 12(b)(6) operates as an adjudication on the merits unless the court specifies that the dismissal is without prejudice.'" (emphasis supplied) (citation omitted)). Further, Barnes-Jones' second motions to dismiss asserted a different basis of immunity than her first motions. Petrillo's argument is without merit. *Bluebird*, 188 N.C. App. at 678, 657 S.E.2d at 61.

This court possesses appellate jurisdiction to review Barnes-Jones' arguments. N.C. Gen. Stat. §§ 1-277(a) and 7A-27(b)(3)(a) (2021); *Stagecoach Vill.*, 360 N.C. at 47-48, 619 S.E.2d at 496; *Thompson*, 142 N.C. App. at 653, 543 S.E.2d at 903; *Price*, 132 N.C. App. at 558-59, 512 S.E.2d at 785; *Green*, 203 N.C. App. at 266, 273, 690 S.E.2d at 761, 765; *Bartley*, 381 N.C. at 293, 873 S.E.2d at 532.

### III.   Issue

### A.  Public Official Immunity

Barnes-Jones argues the trial court erred by denying her 12(b)(6) motion to dismiss on the grounds of public official immunity.

### *1.  Standard of Review*

We review a Rule 12(b)(6) motion to dismiss *de novo.* *Green*, 203 N.C. App. at 266, 690 S.E.2d at 761.

The standard of review of an order granting a [motion to

dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6)] is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On a motion to dismiss, the complaint's material factual allegations are taken as true.

*Bissette v. Harrod*, 226 N.C. App. 1, 7, 738 S.E.2d 792, 797 (2013) (citations omitted).

## 2. *Analysis*

The doctrines of sovereign immunity, governmental immunity, and public official immunity overlap and are directly related:

> In general, the doctrine of sovereign/governmental immunity "provides the State, its counties, and its public officials with absolute and unqualified immunity from suits against them in their official capacity." Under the doctrine of *sovereign* immunity, it is the State of North Carolina which "is immune from suit [in the absence of] waiver[,]" whereas under the doctrine of *governmental* immunity, counties and cities are "immune from suit for *negligence* of [their] employees in the exercise of governmental functions absent waiver of immunity."

*Wray v. City of Greensboro*, 247 N.C. App. 890, 892, 787 S.E.2d 433, 436 (2016) (citations omitted). In other words, whether sovereign immunity or governmental immunity applies depends upon the identity and status of the *defendant*.

Public official immunity is derived and stems from both sovereign immunity and governmental immunity, and its applicability depends upon whether the public official's employment and authority flows from the state *or* from a city or county. If the public employee works for a city or county, their *individual* immunity for acts committed within their scope of employment arises under and from the city or

county's *governmental* immunity. *See Fullwood v. Barnes*, 250 N.C. App. 31, 38, 792 S.E.2d 545, 550 (2016) ("The defense of public official immunity is a 'derivative form' of governmental immunity." (citation omitted)); *Bartley*, 381 N.C. at 294, 873 S.E.2d at 533 ("Public official immunity, a judicially-created doctrine, is 'a derivative form' of governmental immunity which shields public officials from personal liability for claims arising from discretionary acts or acts constituting mere negligence, by virtue of their office, and within the scope of their governmental duties.").

If the public official's employment or authority flows from the State or a State agency, whether the official may assert public official immunity as a defense to any *individual* liability for purported negligent acts committed within the scope of their employment derives from the state's *sovereign* immunity. *See Epps v. Duke Univ., Inc.*, 122 N.C. App. 198, 203, 468 S.E.2d 846, 850 (1996) (explaining "[a] suit against a public official in his official capacity is basically a suit against the public entity (i.e., the state) he represents" and that "[o]fficial immunity is a derivative form of sovereign immunity" (citations omitted)).

Public official immunity shields individuals, while serving as "public officials", from *individual* liability for negligence, "[a]s long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption[.]" *Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976) (citation omitted). "Actions that are malicious, corrupt or outside of the scope of official duties will pierce

the cloak of official immunity[.]" *Moore v. Evans*, 124 N.C. App. 35, 42, 476 S.E.2d 415, 421 (1996) (citations omitted).

Public official immunity may be asserted by "public officials," but not by "public employees." *Hare v. Butler*, 99 N.C. App. 693, 699-700, 394 S.E.2d 231, 236 (1990) (explaining "[w]hen a governmental worker is sued individually, or in his or her personal capacity, our courts distinguish between public employees and public officials in determining negligence liability" (citations omitted)).

"Officers exercise a certain amount of discretion, while employees perform ministerial duties." *Cherry v. Harris*, 110 N.C. App. 478, 480, 429 S.E.2d 771, 773 (1993) (citation omitted). "Discretionary acts are those requiring personal deliberation, decision[,] and judgment. Ministerial duties, on the other hand, are absolute and involve merely the execution of a specific duty arising from fixed and designated facts." *Isenhour v. Hutto*, 350 N.C. 601, 610, 517 S.E.2d 121, 127 (1999) (citations and quotations omitted).

Whether a public official may assert public official immunity depends upon which *capacity* the public official is being sued. *See Patrick v. N. Carolina Dep't of Health & Hum. Servs.*, 192 N.C. App. 713, 716, 666 S.E.2d 171, 173 (2008) (providing "public official immunity only applies to claims brought against public officials in their *individual* capacities" (emphasis supplied)); *Taylor*, 112 N.C. App. at 607, 436 S.E.2d at 279 (explaining governmental immunity only applies to county or city officials sued in their *official* capacity).

Principals constitute "public officials" and are entitled to assert the absolute defense of public official immunity. *Farrell v. Transylvania Cty. Bd. of Educ.*, 175 N.C. App. 689, 695, 625 S.E.2d 128, 133 (2006) ("[T]his Court has recognized [ ] school officials such as superintendents and principals perform discretionary acts requiring personal deliberation, decision, and judgment." (citing *Gunter v. Anders*, 114 N.C. App. 61, 67-68, 441 S.E.2d 167, 171 (1994))).

Petrillo's complaint specifically alleges she was suing Barnes-Jones "solely in her individual capacity" for negligence that occurred while Barnes-Jones was "acting in the course and scope of her employment, as an agent and public employee" of the Charlotte-Mecklenburg Board of Education and as the principal of WCHS. Under our precedents, Barnes-Jones' employment as a high school principal qualifies her as a public official. *Id.* She may properly assert public official immunity as an absolute defense to suit. *Smith*, 289 N.C. at 331, 222 S.E.2d at 430; *Moore*, 124 N.C. App. at 42, 476 S.E.2d at 421.

Public official immunity shields Barnes-Jones from alleged negligent activities conducted within the scope of her employment, if her official acts were taken without malice or corruption. *Id.* Petrillo's complaint does not specifically allege Barnes-Jones' alleged acts were malicious or corrupt. The trial court erred in denying Barnes-Jones' motions to dismiss based upon assertion of public official immunity.

## IV. Conclusion

Barnes-Jones is not collaterally estopped from bringing her second Rule

12(b)(6) motion to dismiss, asserting public official immunity. This interlocutory appeal is properly before us.

Petrillo's failure to allege Barnes-Jones acted with malice or corruption bars and defeats her negligent claim upon proper assertion of public official immunity. *Id. See also White*, 366 N.C. at 363, 736 S.E.2d at 168; *Green*, 203 N.C. App. at 266-67, 690 S.E.2d at 761. The trial judge erred by denying Barnes-Jones' Rule 12(b)(6) motion to dismiss asserting public official immunity. *Id.* We reverse the trial judge's order and remand for entry of an order granting Barnes-Jones' motion to dismiss. *It is so ordered.*

REVERSED AND REMANDED.

Judge COLLINS and Judge WOOD concur.